UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH WALLS,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. 2:21-cv-01543-JHC<br><br>ORDER RE: MOTION FOR SUMMARY JUDGMENT |

**I.**

**INTRODUCTION**

This matter comes before the Court on Defendant United States of America's motion for summary judgment. Dkt. # 6. Plaintiff Deborah Walls opposes the motion. Dkt. # 10. The Court has considered the materials filed in support of, and in opposition to, the motion, and the file herein. Being fully advised, the Court GRANTS the motion.

**II.**

**BACKGROUND**

Deborah Walls alleges she suffered injuries when a vehicle driven by David Leckelt, a United States Postal Service (USPS) employee, collided with her vehicle in June 2019.

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 1

Complaint (Dkt. # 1-1).  Walls filed an administrative claim with the USPS in July 2019 for damages arising from the accident.  Declaration of Stanford Bjurstrom (Bjurstrom Decl.) (Dkt. # 7) ¶ 5.  From August 2019 to August 2020, the USPS repeatedly wrote letters to Walls's counsel requesting her medical records and bills in order to decide her claim.  Bjurstrom Decl., ¶¶ 6–9, Ex. B, C, D, E.  In an August 2020 letter, USPS stated that if it did not receive such documentation within a month, it would deny her claim.  Bjurstrom Decl., Ex. E.  On October 6, 2020, the USPS denied Walls's claim, stating that the denial was due to the "failure to submit competent evidence of injury as is required" despite its repeated letters.  Bjurstrom Decl., ¶ 10, Ex. F.  The denial letter informed Walls that she had six months from the date of the letter's mailing to file a claim in a federal district court or file a written request for reconsideration.  Bjurstrom Decl., ¶ 11, Ex. F.  It was confirmed that the denial letter was delivered to Walls's counsel on October 9.  Bjurstrom Decl., ¶ 12, Ex. G.  The USPS did not receive a written request for reconsideration.  Bjurstrom Decl., ¶ 13.

Over eight months later, on June 16, 2021, Walls filed a complaint against Leckelt in his individual capacity in Island County Superior Court.  Complaint (Dkt. # 1-1).  The case was removed to this court in November 2021.  Notice of Removal (Dkt. # 1).  The United States of America was substituted for Leckelt as the defendant, and now moves for summary judgment.  Notice of Substitution (Dkt. # 2), Motion for Summary Judgment (Dkt. # 6).

### III.

### ANALYSIS

A.  Summary Judgment Standard

Summary judgment is proper only if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 2

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp.*, 477 U.S. at 323.

A fact is "material" if it might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" if the evidence is such that reasonable persons could disagree about whether the facts claimed by the moving party are true.  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983).  "Uncorroborated allegations and 'self-serving testimony' will not create a genuine issue of material fact."  *Heko Servs., Inc. v. ChemTrack Alaska, Inc.*, 418 F. Supp. 3d 656, 660 (W.D. Wash. 2019) (quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)).

The moving party bears the initial burden of showing that there is no genuine issue of material fact and that they are entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party meets its burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of [their] case that [they] must prove at trial."  *Galen*, 477 F.3d at 658.

B.   Statute of Limitations

Defendant says that summary judgment is appropriate because the Federal Tort Claims Act's (FTCA)[1] statute of limitations bars Plaintiff's complaint.  Plaintiff opposes summary judgment, saying that Defendant leaves open questions of law and fact regarding whether the Postal Reorganization Act applies.  The Court concludes that the FTCA's statute of limitations bars Plaintiff's claim.

---

[1] 28 U.S.C. §§ 1346(b), 2671–80 (2000).

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 3

Under the FTCA, a lawsuit against the United States is the exclusive remedy for personal injury "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [their] office or employment." 28 U.S.C. 2679(b)(1). The FTCA requires a party to pursue an administrative remedy with the "appropriate Federal agency" and to receive a final denial before instituting a lawsuit against the United States. 28 U.S.C. 2675(a). And a "tort claim against the United States shall be *forever barred* . . . unless action is begun within *six months* after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b) (emphasis added).

Plaintiff does not dispute that she filed her complaint over eight months after the USPS's final denial in October 2020. She instead discusses the Postal Reorganization Act[2] and says that Defendant does not explain "the correlation of the Postal Reorganization Act . . . or the application of the FTCA." Dkt. # 10 at 6. This appears to be an argument that the FTCA does not apply to her claim. But in her brief, Plaintiff also acknowledges that the FTCA applies to claims against USPS employees. Dkt. # 10 at 4 ("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service" (quoting 39 U.S.C. 409(c))). If Plaintiff is arguing that she brought her claim under the Postal Reorganization Act, and that the FTCA's statute of limitations is thus irrelevant, she fails to identify a provision of the Postal Reorganization Act providing her with such a cause of action. The FTCA applies to claims such as Plaintiff's and imposes a six-month limit on when Plaintiff can bring her suit following the USPS final denial. She filed her claim over eight

---

[2] 39 U.S.C. § 401, *et seq*.

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 4

months after the final denial. And she did not file a request for reconsideration. *See* 28 C.F.R. 14.9.

Plaintiff also states that the "Government's motion does not address the application of the individual claim and cause of action filed against defendant David Leckelt." But Defendant does explain that it was substituted for Leckelt as the defendant in this case pursuant to 28 U.S.C. § 2679(b)(1), which states that a lawsuit against the United States is the exclusive remedy for personal injury "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Plaintiff does not argue that Leckelt was not acting his official capacity at the time of the alleged accident, nor does she contest the substitution. This argument does not preclude summary judgment in Defendant's favor.

C.      Equitable Tolling

Plaintiff alternatively contends that the Court should apply the doctrine of equitable tolling to her case. Defendant responds that Plaintiff has failed to establish the elements needed for equitable tolling to apply. The Court agrees with Defendant.

The doctrine of equitable tolling applies to the FTCA's statute of limitations in 28 U.S.C. § 2401. *United States v. Wong*, 575 U.S. 402, 412 (2015). A party seeking equitable tolling "'bears the burden of establishing two elements: (1) that [they have] been pursuing [their] rights diligently, and (2) that some extraordinary circumstances stood in [their] way.'" *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012))). The first element requires "'effort that a reasonable person might be expected to deliver under [their] particular circumstances.'" *Id.* (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)). The second element is not satisfied with a showing of a "garden variety

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 5

claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Id.* (quoting *Holland v. Fla.*, 560 U.S. 631, 651 (2010)). "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Plaintiff fails to meet her burden of establishing the two elements needed for equitable tolling. Plaintiff's entire argument supporting her request for equitable tolling is: "Documents included in the Government's motion show that there was communication sufficient with the representatives of the USPS for the Court to use its inherent power to allow equitable tolling and allow plaintiff's claim to proceed." Dkt. # 10 at 5. It is unclear to which documents Plaintiff is referring, or what she purports they show. Most of the documents filed with Defendant's motion are letters from USPS to Plaintiff's counsel, repeatedly asking them to send Plaintiff's medical records and bills. If anything, these documents show a lack of diligence in pursuing her administrative claim. And nothing in the record shows evidence that Plaintiff diligently pursued her claim during the eight-month period between the final denial and when she filed her complaint or that extraordinary circumstances prevented her from filing within the six-month period.

## IV.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment (Dkt. # 6).

Dated this 9th day of May, 2022.

*John H. Chun*
John H. Chun
United States District Judge